IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,

      Plaintiffs,

      Civil Action No.: 5:18-cv-01304
      (Raleigh Co. Civ. Action No. 17-C-360-D)

v.

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a/ Westgate Resorts, Ltd., and
INTERNATIONAL COLLECTION
AGENCY, L.L.C,

      Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Central Florida Investments, Inc. d/b/a Westgate Resorts, Ltd. ("Defendant" or "CFI")[1], by its counsel, Jared M. Tully and Alex J. Zurbuch and the law firm of Frost Brown Todd LLC, file this Notice of Removal of the above referenced civil action, filed in the Circuit Court of Raleigh County, West Virginia ("Circuit Court"), based upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

## TIMELINESS OF REMOVAL

1. Plaintiffs filed this civil action on or about July 13, 2017, in the Circuit Court of Raleigh County, West Virginia, where it is docketed as Civil Action No. 17-C-360-D. Plaintiffs, in that Complaint filed on July 13, 2017, (the "Original Complaint") alleged CFI engaged in debt collection activities in violation of the West Virginia Consumer Credit and Protection Act

---

[1] International Collection Agency, L.L.C. is a wholly owned subsidiary of Central Florida Investment, Inc. and is therefore not a distinct defendant in this action. Accordingly, both named Defendants are referred to singularly as "Defendant" or "CFI".

(WVCCPA) and the West Virginia Computer Crimes and Abuse Act (WVCCAA) and that CFI intentionally inflicted emotional distress (IIED) on Plaintiffs and invaded the Plaintiffs' privacy. *See* Original Complaint, attached hereto with Answer as Exhibit A.[2]

2. On July 12, 2018, Plaintiffs filed a Motion to Amend the Original Complaint, setting the Motion to Amend for hearing on August 14, 2018. *See* Motion to Amend, attached hereto as Exhibit B[3]; Notice of Hearing, attached hereto as Exhibit C. Plaintiffs moved to amend to assert claims under the federal "*Telephone Consumer Protection Act*, 47 U.S.C. §227" (TCPA). Exhibit B at 1.

3. On July 16, 2018, the Court granted Plaintiffs' Motion.[4] Exhibit F.

4. On September 6, 2018, Plaintiffs filed their Amended Complaint, alleging (in addition to those allegations in the Original Complaint) violations of the TCPA. Exhibit G.

5. CFI received formal service of the Amended Complaint on September 9, 2018.

6. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that defendant receives formal service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999). This procedural timeframe is applicable to removal considering amended pleadings. 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within

---

[2] Plaintiffs attached to and filed contemporaneously with the Original Complaint, a binding, unilateral stipulation limiting damages to $75,000.00, acknowledged by both Plaintiffs and Plaintiffs' counsel, to avoid § 1332 diversity jurisdiction. *See* Exhibit A at pgs. 7-9.
[3] Plaintiffs did not attach a proposed Amended Complaint to the Motion to Amend.
[4] While CFI did not oppose amendment for the addition of TCPA claims, CFI did not have an opportunity to respond to the Motion to Amend to address other, ancillary concerns it expected may come with amendment because the Order was entered before the hearing occurred. Chiefly, CFI anticipated that Plaintiffs, through the amendment of their Complaint, would attempt to remove their stipulation limiting damages to $75,000.00. Accordingly, CFI filed a Motion to Enforce Binding Stipulation. However, CFI's Motion was subsequently denied by the Court. A copy of the Motion to Enforce and Subsequent Order are attached hereto as Exhibit D and Exhibit E, respectively.

thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . .").

7. This Notice of Removal is filed within thirty days of actual receipt of the Amended Complaint. Therefore, this Notice of Removal has been filed timely pursuant to 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL[5]

### A. Federal Question

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and the civil action may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court has original jurisdiction under 28 U.S.C. § 1331, federal question, under the TCPA, 47 U.S.C. § 227 *et seq*.

9. Plaintiffs allege that Defendant engaged in violations of the TCPA. Defendant's alleged violation(s) of the TCPA confers federal question jurisdiction. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 2012 WL 125429 (Jan. 18, 2012) (finding that federal courts have § 1331 jurisdiction over claims under the TCPA); *see also Bailey v. SLM Corporation*, 2012 WL 1598059 (May 7, 2012) ("Defendants also assert that a case pending before the United States Supreme Court, *Mims v. Arrow Fin. Serv., LLC*, will address the very issue in this case-whether there is federal question jurisdiction under the TCPA for purposes of removal of private right of actions—and that this Court should hold its consideration of the issue in abeyance until a decision has been made in that case.").

---

[5] Even in light of that Order Denying CFI's Motion to Enforce Stipulation Limiting Damages, CFI maintains the truly binding nature of the stipulation. Indeed, the stipulation was employed to avoid diversity jurisdiction in this very Court at the outset of this lawsuit. Accordingly, CFI is not of the position that diversity jurisdiction under 28 U.S.C. § 1332 exists because the amount in controversy requirement is not satisfied.

### B. Supplemental Jurisdiction

10. In addition to federal question jurisdiction, federal jurisdiction exists based upon supplemental jurisdiction over the allegations that Defendant violated the West Virginia Consumer Credit Protection Act, intentionally inflicted emotional distress on Plaintiffs, and invaded Plaintiffs' privacy. Because a common nucleus of operative fact underlies all of Plaintiff's claims such that they are so "so related ... that they form part of the same case or controversy," 28 U.S.C. § 1367(a), this Court has jurisdiction to hear each count of the Complaint. *See City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523, 529–30, 139 L.Ed.2d 525 (1997); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir.1995); *Sayre v. Potts,* 32 F.Supp.2d 881, 889 (S.D.W.Va. Jan.8, 1999) (Goodwin, J); *see also* Exhibit B at 2 (Plaintiffs moving to amend to assert TCPA claims stating "No prejudice would be suffered by Defendant because the claims enumerated above . . . arise from the same conduct that is alleged to have been illegal in the original complaint: Defendant's attempts to collect an alleged debt from the Plaintiffs.") (emphasis added).

### FILING AND SERVICE OF NOTICE

11. A copy of the Civil Docket from the Circuit Court of Raleigh County is filed herewith as Exhibit H.

12. A copy of this Notice of Removal is being filed in the Circuit Court of Raleigh County, West Virginia.

13. A copy of this Notice of Removal is also being served on counsel of record for the Plaintiffs as reflected in the attached Certificate of Service.

Respectfully submitted,

/s/ Alex J. Zurbuch
Jared M. Tully (WV Bar No. 9444)
Alex J. Zurbuch (WV Bar No. 12838)
Frost Brown Todd, LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
jtully@fbtlaw.com
azurbuch@fbtlaw.com
*Counsel for Defendant Central Florida Investments, Inc. d/b/a Westgate Resorts, Ltd. and Defendant International Collection Agency, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL WEBB and**
**CARRIE WEBB**

       **Plaintiffs,**

Civil Action No.: _____
(Raleigh Co. Civ. Action No. 17-C-360-D)

v.

**CENTRAL FLORIDA INVESTMENTS, INC.**
**d/b/a/ Westgate Resorts, Ltd., and**
**INTERNATIONAL COLLECTION**
**AGENCY, L.L.C,**

       **Defendants.**

## CERTIFICATE OF SERVICE

I, Alex J. Zurbuch, do hereby certify that on this 18th day of September, 2018, a copy of the foregoing *Notice of Removal* was forwarded to the following via the Court's electronic filing system:

Ralph C. Young
Steven R. Broadwater, Jr.
Hamilton, Burgess, Young & Pollard
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiffs*

                                                            /s/ *Alex J. Zurbuch*
                                                            Alex J. Zurbuch

0125050.0650696  4818-2221-4514v1