Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 1178 46



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CENTRAL FLORIDA INVESTMENTS, INC.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

| | |
|---|---|
| **Control Number:** 198755 | **Agent:** Corporation Service Company |
| **Defendant:** CENTRAL FLORIDA INVESTMENTS, INC. 209 West Washington Street Charleston, WV 25302 US | **County:** Raleigh |
| | **Civil Action:** 17-C-360 |
| | **Certified Number:** 92148901125134100002117846 |
| | **Service Date:** 7/13/2017 |

I am enclosing:

**1 interrogatories, 1 stipulation, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**EXHIBIT**

**A**

# SUMMONS

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. *17-C-360-D*

MICHAEL WEBB and
CARRIE WEBB,                                    **PLAINTIFFS**

V.

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                    **DEFENDANT**

To the above-named Defendant:      **CENTRAL FLORIDA INVESTMENTS, INC.**
**D/B/A WESTGATE RESORTS LTD.**
**% CORPORATION SERVICE COMPANY**
**209 WEST WASHINGTON STREET,**
**CHARLESTON, WV 25302**

**IN THE NAME OF THE STATE OF WEST VIRGINIA:** You are hereby summoned and required
to serve upon RALPH C. YOUNG, CHRISTOPHER B. FROST,  STEVEN R. BROADWATER, JR., and
JED R. NOLAN, plaintiffs' attorney, whose address is P O BOX 959, FAYETTEVILLE, WEST VIRGINIA
25840, an answer, including any related counterclaim or defense you may have, to the complaint filed
against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are
required to serve your written answer with the Clerk of this Court, and with a copy of said answer
served upon plaintiffs' attorney within **THIRTY (30)** days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint and you will be thereafter barred from asserting in another action
any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: *June 21, 2017*

*Paul H. Flanagan*
Clerk of Court

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

RALEIGH COUNTY
RECEIVED AND FILED

**MICHAEL WEBB and
CARRIE WEBB,**                         **PLAINTIFFS**

JUN 27 2017

PAUL H FLANAGAN
CIRCUIT CLERK

**V.**                                 CIVIL ACTION NO. *19-C-360-D*

**CENTRAL FLORIDA INVESTMENTS, INC.,**
**d/b/a Westgate Resorts Ltd.,**              **DEFENDANT**

# COMPLAINT

1.  The Plaintiffs, Michael Webb and Carrie Webb, and are residents of West Virginia.

2.  The Defendant, Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd., (herein "Westgate Resorts") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

3.  After the Plaintiffs became in arrears upon an alleged indebtedness to the Defendant, Westgate Resorts, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

4.  The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

5.   The Plaintiffs are persons who fall under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and are entitled to the remedies set forth in Article 5 of the WVCCPA.

6.   The Defendant, Westgate Resorts, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

7.   The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

a.   attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

b.   engaging in unreasonable or oppressive or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

c.   causing Plaintiffs' phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125(d);

d.   utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

e. using unfair or unconscionable means to collect a debt from Plaintiffs in violation of *West Virginia Code* §46A-2-128.

8.  As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

9.  Each of the Plaintiffs is a "person" as defined by *West Virginia Code* §61-3C-3(n) as each of the Plaintiffs is a "natural person."

10.  The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

11.  The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiffs after being requested by the Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

12.  The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

13.  Plaintiffs seek compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

14. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

15. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

16. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

b. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

17. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

18. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### COMMON LAW INVASION OF PRIVACY

19. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

20. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls.

21. The acts of the Defendant in placing telephone calls to Plaintiffs' telephone number invaded, damaged and harmed Plaintiffs' right of privacy.

22. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

23. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.  In fact, Plaintiffs enjoy the "right to avoid unwelcome speech...in the privacy of [their] home." *Hill v. Colorado*, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000). Defendant's debt collection activities interject commercial speech directly into Plaintiffs' home against their wishes.  Defendant's right to engage in this manner of speech is in direct conflict with Plaintiffs' right to privacy in their home. Where these two rights are in the balance, it is the right to privacy that generally carries more weight.  See, *e.g., Rowan v. United States Post Office Dept*, 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736

(1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendant:

A.   Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.   Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.   Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.   The Plaintiffs be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III and IV; and

E.   Such other relief as the Court shall deem meet and proper under the attendant circumstances.

PLAINTIFF(S) AND ATTORNEYS FOR PLAINTIFF(S) AGREE TO BE BOUND BY THE FOLLOWING STIPULATION: SO LONG AS THIS CASE REMAINS IN WEST VIRGINIA CIRCUIT COURT OR AN ARTICLE III COURT, THE PLAINTIFF SHALL NEITHER SEEK NOR ACCEPT AN AMOUNT GREATER THAN $75,000.00 IN THIS CASE, INCLUDING ANY AWARD OF ATTORNEY'S FEES, BUT EXCLUDING INTEREST AND COSTS. THIS STIPULATION HAS NO APPLICATION, FORCE, OR ENFORCEABILITY IN AN ARBITRATION FORUM OR OTHER ALTERNATIVE DISPUTE RESOLUTION ENVIRONMENT EXCEPT NON-BINDING MEDIATION AS PART OF A COURT PROCEEDING.

MICHAEL WEBB AND
CARRIE WEBB

BY COUNSEL

HAMILTON, BURGESS, YOUNG
& POLLARD, pllc

BY:

Ralph C. Young  *(W. Va. Bar #4176)*
ryoung@hamiltonburgess.com
Christopher B. Frost  *(W. Va. Bar #9411)*
cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
jnolan@hamiltonburgess.com
*Counsel for Plaintiffs*
P O Box 959
Fayetteville, WV 25840
304-574-2727

F:\CM\23333\23333Complaint.WPD

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

| | |
|---|---|
| **PLAINTIFF:** MICHAEL WEBB and CARRIE WEBB<br>**DEFENDANTS:** CENTRAL FLORIDA INVESTMENTS, INC., d/b/a<br>Westgate Resorts, Ltd. | **CASE NUMBER:**<br><br>17-C-360 |

**II.** *TYPE OF CASE*

| TORTS | OTHER CIVIL | |
|---|---|---|
| X     General Civil | ___ Adoption | ___ Appeal from<br>Magistrate Court |
| ___ Asbestos | ___ Contract | ___ Petition for Modifi-<br>cation of Magistrate<br>Sentence |
| ___ Professional<br>Malpractice | ___ Real Property | ___ Miscellaneous Civil |
| ___ Personal Injury | ___ Mental Health | ___ Other (injunctive relief) |
| ___ Product Liability | ___ Appeal of Adminis-<br>trative Agency | |
| ___ Other Tort | | |

**III.** *JURY DEMAND:* ___ YES ___ NO

*CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR)* ___8\2018___

**IV.** *DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?*

___ YES     X  NO

*IF YES, PLEASE SPECIFY:*

— WHEELCHAIR ACCESSIBLE HEARING ROOM AND OTHER FACILITIES
— INTERPRETER OR OTHER AUXILIARY AID FOR THE HEARING IMPAIRED
— READER OR OTHER AUXILIARY AID FOR THE VISUALLY IMPAIRED
— SPOKESPERSON OR OTHER AUXILIARY AID FOR THE SPEECH IMPAIRED
— OTHER: _____

*Attorney Name:*

| | |
|---|---|
| Alex J. Zurbuch | *Representing:* |
| WV Bar No.  12838 | _____ Plaintiff _X_ Defendant |
| *Firm:* Frost Brown Todd LLC | _____ Cross-Complainant |
| *Address:* 500 Virginia Street, East | _____ Cross-Defendant |
| Suite 1100 | |
| Charleston, WV  25301 | |
| *Telephone:* (304) 345-0111 | *Dated:* 08/10/2017 |

Alex J. Zurbuch

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**MICHAEL WEBB and**
**CARRIE WEBB,**

       **Plaintiff,**                           **Civil Action No.: 17-C-360-D**

**v.**

**CENTRAL FLORIDA INVESTMENTS, INC.,**
**d/b/a Westgate Resorts Ltd.,**

       **Defendant.**

## ANSWER OF CENTRAL FLORIDA INVESTMENTS, INC., D/B/A WESTGATE RESORTS LTD., TO COMPLAINT

      Defendant, Central Florida Investments, Inc., d/b/a Westgate Resorts Ltd., ("CFI" or "Defendant"), by counsel, in response to Plaintiffs' Complaint state:

### PARTIES

      1.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1. To the extent factual allegations are made, they are denied.

      2.      Defendant admits the allegations in Paragraph 2.

      3.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3. To the extent factual allegations are made, they are denied.

### CAUSES OF ACTION

### COUNT I

**Violations of the West Virginia Consumer Credit and Protection Act**

      4.      Defendant incorporates its prior responses as if fully restated.

5.      The allegations contained in Paragraph 5 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

6.      The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

## COUNT II

### Negligence

9.      The allegations contained in Paragraph 9 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

10.      The allegations contained in Paragraph 10 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

11.      The allegations contained in Paragraph 11 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

12.      The allegations contained in Paragraph 12 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

13.      The allegations contained in Paragraph 13 are legal conclusions to which no response is required.  To the extent factual allegations are made, they are denied.

14.      Defendant denies the allegations in Paragraph 14.

## COUNT III

### Intentional Infliction of Emotional Distress

15.      Defendant incorporates its prior responses as if fully restated.

16.      Defendant denies the allegations in Paragraph 16.

2

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

## COUNT IV

### Common Law Invasion of Privacy

19.     Defendant incorporates its prior responses as if fully restated.

20.     The allegations contained in Paragraph 20 are legal conclusions to which no response is required. To the extent factual allegations are made, they are denied.

21.     The allegations contained in Paragraph 21 are legal conclusions to which no response is required. To the extent factual allegations are made, they are denied.

22.     Defendant denies the allegations in Paragraph 22.

23.     The allegations contained in Paragraph 23 are legal conclusions to which no response is required. To the extent factual allegations are made, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Any allegation not specifically admitted is denied.

### SECOND DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted.

### THIRD DEFENSE

Plaintiffs have a duty to mitigate their damages, if any. To the extent Plaintiffs have failed in their duty to mitigate, their damages, if any, must be reduced accordingly.

### FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred by the doctrines of waiver, laches, unclean hands, release, and estoppel.

3

## FIFTH DEFENSE

Plaintiffs' claims are, or may be, barred by the statute of frauds.

## SIXTH DEFENSE

Some or all of the damages claimed in Plaintiffs' Second Amended Complaint are not recoverable under applicable law.

## SEVENTH DEFENSE

Any recovery by Plaintiffs are, or may be, barred or to be reduced in accordance with legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and the rules barring windfalls and double recovery.

## EIGHTH DEFENSE

Defendant aver, based upon information and belief, that Plaintiffs' alleged injuries, if any, were proximately and solely caused by an independent and/or intervening cause or causes, for whom or for which the Defendant is neither liable nor responsible.

## NINTH DEFENSE

Defendant reserves the right to amend its Answer to add any other defenses (affirmative or otherwise), or make appropriate counterclaims or third-party claims, which may be determined to be applicable after further discovery.

## TENTH DEFENSE

Defendant raises, so as not to waive, all defenses contemplated by Rules 8 and 12 of the West Virginia Rules of Civil Procedure or Chapter 55 of the West Virginia Code.

## ELEVENTH DEFENSE

Venue in the Court is improper.

WHEREFORE, Defendant, Central Florida Investments, Inc., d/b/a Westgate Resort, Ltd. respectfully requests that Plaintiffs take nothing by way of their Complaint, that judgment be entered in its favor, and for all other appropriate relief.

Jared M. Tully (WVSB# 9444)
Alex J. Zurbuch (WVSB# 12838)
Frost Brown Todd LLC
United Bank Building, Suite 1100
500 Virginia Street East
Charleston, WV 25301
jtully@fbtlaw.com
*Counsel for Central Florida*
*Investments, Inc., d/b/a Westgate Resort,*
*Ltd.*

5

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**MICHAEL WEBB and**
**CARRIE WEBB,**

        **Plaintiff,**                               **Civil Action No.: 17-C-360-D**

**v.**

**CENTRAL FLORIDA INVESTMENTS, INC.,**
**d/b/a Westgate Resorts Ltd.,**

        **Defendant.**

### CERTIFICATE OF SERVICE

I, **ALEX J. ZURBUCH**, do hereby certify that on this 10th of August, 2017, a copy of the foregoing

*Answer of Central Florida Investments, Inc., d/b/a Westgate Resorts Ltd., to Complaint* was forwarded

via U.S. Mail, postage prepaid, to the following:

    Ralph C. Young (WV Bar #4176)
    Christopher B. Frost (WV Bar #9411)
    Steven R. Broadwater, Jr. (WV Bar #11355)
    Jed R. Nolan (WV Bar# 10833)
    Hamilton, Burgess, Young & Pollard, PLLC
    P.O. Box 959
    Fayetteville, WV 25840
    *Counsel for Plaintiffs*

                                         Alex J. Zurbuch

0125050.0650696   4815-7412-0780v1

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                        **PLAINTIFFS**

**V.**                                              CIVIL ACTION NO. 17-C-360(D)
                                                    *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                        **DEFENDANT**

## MOTION TO AMEND COMPLAINT

On June 27, 2017, Plaintiff filed their Complaint in this matter. Since filing, Plaintiff has determined that the Complaint needs to be amended to better conform to the facts and evidence in this matter pursuant to Rule 15 of the *West Virginia Rules of Civil Procedure.* As stated therein, leave should be freely given when justice so requires as is the case here.

After filing their Complaint, discovery commenced. In response to Discovery, Defendant produced records evidencing approximately 159 collection calls placed to the Plaintiffs after a request was made to Defendant to cease further communication. Further, the records produced indicated that an auto-dialer was used to place the calls. Therefore, it appears that Plaintiffs now have a claim for violations of the *Telephone Consumer Protection Act,* 47 U.S.C. §227 ("TCPA") which restricts the use of auto-dialers to communicate with consumers.

In the case at bar, justice requires that Plaintiffs be given the opportunity to amend their Complaint. No prejudice would be suffered by Defendant because the

**EXHIBIT**

**B**

claims enumerated above (the extremely high call volume despite repeated requests to cease, and violations of the TCPA) arise from the same conduct that is alleged to have been illegal in the original complaint: Defendant's attempts to collect an alleged debt from the Plaintiffs.

For the reasons stated herein, Plaintiffs humbly request the Court GRANT their Motion to amend and provide Plaintiffs ten days from the entry of the appropriate order to file their Amended Complaint and serve the same upon Defendant.

MICHAEL WEBB and
CARRIE WEBB

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    &amp; POLLARD, PLLC

BY: _____
    Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
    sbroadwater@hamiltonburgess.com
    Ralph C. Young (*W. Va. Bar #4176*)
    ryoung@hamiltonburgess.com
    *Counsel for Plaintiffs*
    P. O. Box 959
    Fayetteville, WV 25840
    304-574-2727

F:\CM\23333\23333 Motion to Amend Complaint.docx

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                                    PLAINTIFFS

V.                                                             CIVIL ACTION NO. 17-C-360(D)
                                                               *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                                   DEFENDANT

## CERTIFICATE OF SERVICE

I, STEVEN R. BROADWATER, JR., counsel for the plaintiffs, do hereby certify that a copy of the MOTION TO AMEND COMPLAINT was served upon counsel of record in the above cause by enclosing the same in an envelope addressed to said attorney at the business address as disclosed in the pleadings of record herein as follows:

> Jared M. Tully
> Alex J. Zurbuch
> FROST BROWN TODD LLC
> United Bank Building, Suite 1100
> 500 Virginia Street East
> Charleston, WV 25301
> *Counsel for Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd.*

the same being the last known address with postage fully paid and depositing said envelope in the United States Mail on the 12th day of July, 2018.

STEVEN R. BROADWATER, JR.

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                        PLAINTIFFS

V.                                                 CIVIL ACTION NO. 17-C-360(D)
                                                   *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                       DEFENDANT

## NOTICE OF HEARING

TO:   Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd.
      % Jared M. Tully, Esquire
      Alex J. Zurbuch, Esquire
      FROST BROWN TODD LLC
      United Bank Building, Suite 1100
      500 Virginia Street East
      Charleston, WV 25301

      You will please take notice that the Plaintiff will appear on the 14TH DAY OF

AUGUST, 2018 AT 1:30 P.M., before the Honorable Andrew G. Dimlich, Judge of the

Circuit Court of Raleigh County, West Virginia, at his chambers in the Raleigh County

Courthouse, 222 Main Street, Beckley, West Virginia, or as soon thereafter as the matter

may be heard and will bring this matter on for MOTION TO AMEND COMPLAINT.

      You may appear and defend your interests if you care to do so.

                                          MICHAEL WEBB and
                                          CARRIE WEBB

                                          BY COUNSEL



EXHIBIT
C

HAMILTON, BURGESS, YOUNG
    & POLLARD, PLLC

BY:

Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
    sbroadwater@hamiltonburgess.com
Ralph C. Young (*W. Va. Bar #4176*)
    ryoung@hamiltonburgess.com
*Counsel for Plaintiffs*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 17-C-360(D)
                                                *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                    DEFENDANT

## CERTIFICATE OF SERVICE

I, STEVEN R. BROADWATER, JR., counsel for the plaintiffs, do hereby certify that

a copy of the NOTICE OF HEARING *regarding* MOTION TO AMEND COMPLAINT was

served upon counsel of record in the above cause by enclosing the same in an envelope

addressed to said attorney at the business address as disclosed in the pleadings of record

herein as follows:

> Jared M. Tully
> Alex J. Zurbuch
> FROST BROWN TODD LLC
> United Bank Building, Suite 1100
> 500 Virginia Street East
> Charleston, WV 25301
> *Counsel for Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd.*

the same being the last known address with postage fully paid and depositing said

envelope in the United States Mail on the 13th day of July, 2018.

                                    _____
                                    STEVEN R. BROADWATER, JR.

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**MICHAEL WEBB and**
**CARRIE WEBB**

       **Plaintiffs,**

**v.**                              **Civil Action No.: 17-C-360-D**

**CENTRAL FLORIDA INVESTMENTS, INC.**
**d/b/a/ Westgate Resorts, Ltd., and**
**INTERNATIONAL COLLECTION**
**AGENCY, L.L.C,**

       **Defendants.**

## DEFENDANTS' MOTION TO ENFORCE STIPULATION LIMITING DAMAGES[1]

On July 16, 2018, this Court Granted Plaintiffs' Motion to Amend Complaint, which was filed on July 12, 2018. In that Motion to Amend, Plaintiffs represent that they intend to make an amendment to include a claim under the *"Telephone Consumer Protection Act,* 47 U.S.C. §227" (TCPA). Plaintiffs allege that such an amendment is permissible because "[n]o prejudice would be suffered by Defendant" because claims under the TCPA "arise from the same conduct that is alleged . . . in the original complaint." Pl.'s Mot. to Amend at 1-2.

Defendants, in recognition of the liberal scope of West Virginia Rule of Civil Procedure 15(a), do not disagree and do not object to an amendment for the inclusion of TCPA claims. However, upon request by e-mail, Plaintiffs' counsel provided Defendants' counsel with a proposed Amended Complaint, which is attached as Exhibit A.[2] In this same e-mail, Plaintiffs' counsel advised that in addition to assertion of claims under the TCPA, Plaintiffs intended to

---

[1] Upon reassessment of the caption of Defendants' previously filed "Motion for Clarification of Order Granting Plaintiffs' Motion to Amend Complaint," Defendants hereby withdraw that Motion and file this, more appropriately titled Motion, to better reflect the relief sought in observation of Trial Court Rule 6.01(b).
[2] That July 23, 2018 e-mail is enclosed as Exhibit A together with Plaintiffs' proposed Amended Complaint which was attached to that same July 23, 2018, e-mail. A portion of the e-mail text containing settlement discussions has been redacted.

EXHIBIT

**D**

remove their damages limiting stipulation. *Id.* Accordingly, while Defendants do not object to the amendment for in inclusion of TCPA claims, Defendants do object to the removal of the jurisdictional damages stipulation.

Noticeably absent from the proposed Amended Complaint are the binding damages stipulations that appear in Plaintiffs' original Complaint:

> PLAINTIFF(S) AND ATTORNEYS FOR PLAINTIFF(S) AGREE TO BE BOUND BY THE FOLLOWING STIPULATION: SO LONG AS THIS CASE REMAINS IN WEST VIRGINIA CIRCUIT COURT OR AN ARTICLE III COURT, THE PLAINTIFF SHALL NEITHER SEEK NOR ACCEPT AN AMOUNT GREATER THAN $75,000.00 IN THIS CASE, INCLUDING ANY AWARD OF ATTORNEY'S FEES, BUT EXCLUDING INTEREST AND COSTS. THIS STIPULATION HAS NO APPLICATION, FORCE, OR ENFORCEABILITY IN AN ARBITRATION FORUM OR OTHER ALTERNATIVE DISPUTE RESOLUTION ENVIRONMENT EXCEPT NON-BINDING MEDIATION AS PART OF A COURT PROCEEDING.
>
> MICHAEL WEBB AND
> CARRIE WEBB
>
> BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, pllc

BY: _____
Ralph C. Young *(W. Va. Bar #4176)*
  ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
  cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11335)*
  sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
  jnolan@hamiltonburgess.com
*Counsel for Plaintiffs*
P O Box 959
Fayetteville, WV 25840
304-574-2727

*Compare* Compl. at 7 to Exhibit A. Also absent in the proposed Amended Complaint are the individual, notarized acknowledgements of the effect of the stipulation, endorsed by each Plaintiff:

2

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs.  This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

MICHAEL WEBB

RALPH C. YOUNG (W. Va. Bar #4176)
CHRISTOPHER B. FROST (W. Va. Bar #9411)
STEVEN R. BROADWATER, JR. (W. Va. Bar #11355)
JED R. NOLAN (W. Va. Bar #10833)
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by MICHAEL WEBB on this the 23rd day of June , 2017.

NOTARY PUBLIC

My commission expires: November 13, 2019

3

### STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

*Carrie Webb*

CARRIE WEBB

RALPH C. YOUNG *(W. Va. Bar #4176)*
CHRISTOPHER B. FROST *(W. Va. Bar #9411)*
STEVEN R. BROADWATER, JR. *(W. Va. Bar #11355)*
JED R. NOLAN *(W. Va. Bar #10833)*
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by CARRIE WEBB on this the 23rd day of June , 2017.

NOTARY PUBLIC

November 13, 2019

---

*Compare Id.* at 8-9 to Exhibit A. The removal of the stipulations is improper and should not be permitted. Plaintiffs' Motion to Amend omits any reference to removal of the stipulations. Nonetheless, Plaintiffs now advise they intend to remove this binding stipulation. This is not permissible. Indeed, Plaintiffs, and their counsel, by their own words, have agreed that "so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case . . .." Compl. at 7-9, *supra.*

4

Courts are clear that such stipulations—which are used to avoid federal diversity jurisdiction[3]—are valid and enforceable and **truly bind** the parties making the stipulation. *Bailey v. SLM Corp.*, Civil Action No. 5:11-cv-00715, 2012 WL 1598059, at *5 (S.D. W. Va. May 7, 2012) ("[A] plaintiff may attempt to defeat diversity jurisdiction . . . by entering into a unilateral binding stipulation limiting its recovery to an amount lower than the jurisdictional requirement provided for by 28 U.S.C. 1332.); *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (citing *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000) (To limit the amount in controversy for jurisdictional purposes, the stipulation must be "a formal, **truly binding**, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.") (emphasis added). Hence, Plaintiffs successfully precluded federal diversity jurisdiction and the case remains in Raleigh County Circuit Court based on the binding, pre-removal stipulation.

Plaintiffs affirmed and stipulated to—"neither seek nor accept an amount greater than $75,000.00 **in this case**." Compl. at 7. (emphasis added). Quite simply, Plaintiffs cannot now absolve themselves of this stipulation. *See supra Bailey, McCoy, Hicks*. Contrary to Plaintiffs' representations that the amendments will cause Defendant "no prejudice", the full-breadth of the intended amendment, which appears to include an attempt at removal of the jurisdictional stipulation, prejudices Defendants because it seeks to remove a binding damages stipulation, which has been and continues to be employed in this action to avoid federal diversity jurisdiction.

---

[3] The purpose and desire of this stipulation is apparent: Plaintiffs wanted to avoid federal diversity jurisdiction. *Bailey* at *4 ("there is no dispute that in this district a plaintiff may attempt to defeat diversity jurisdiction in this Court by entering into a unilateral **binding** stipulation limiting its recovery to an amount lower than the jurisdictional requirement provided by 28 U.S.C. § 1332."). (emphasis added).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny any attempt by Plaintiffs to remove their **binding** damages stipulation from this action, through an Amended Complaint or otherwise, and Order that the binding stipulation not to seek or accept damages over $75,000.00 is valid and remains in effect.[4]

Respectfully submitted,

Jared M. Tully (WV Bar No. 9444)
Alex J. Zurbuch (WV Bar No. 12838)
Frost Brown Todd, LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
jtully@fbtlaw.com
azurbuch@fbtlaw.com
*Counsel for Defendant Central Florida Investments, Inc. d/b/a Westgate Resorts, Ltd. and Defendant International Collection Agency, LLC*

---

[4] Defendants' enforcement of the binding stipulation should in no manner be construed to reflect their valuation of this lawsuit. Indeed, Defendants are simply enforcing the previously agreed—and relied upon—stipulation of Plaintiffs to ensure the sanctity of procedural safeguards and avoid any precedent that may deteriorate the same.

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**MICHAEL WEBB and**
**CARRIE WEBB,**

               **Plaintiff,**                           **Civil Action No.:  17-C-360-D**

v.

**CENTRAL FLORIDA INVESTMENTS, INC.,**
**d/b/a Westgate Resorts Ltd.,**

               **Defendant.**

## CERTIFICATE OF SERVICE

       I, Alex J. Zurbuch, do hereby certify that on this 30th day of August, 2018, a copy of the

foregoing ***Defendants' Motion to Enforce Stipulation Limiting Damages*** was forwarded via

U.S. Mail, postage prepaid, to the following:

Ralph C. Young
Steven R. Broadwater, Jr.
Hamilton, Burgess, Young & Pollard, PLLC
P.O. Box 959
Fayetteville, WV 25840
*Counsel for Plaintiffs*

                                         Alex J. Zurbuch (WV Bar No. 12838)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

Michael Webb and Carrie Webb,
        Plaintiffs,

v.                                          Civil Action No. 17-C-360-D
                                            Honorable Andrew G. Dimlich
Central Florida Investments, Inc., d/b/a    Trial Date: July 22, 2019
Westgate Resorts, Ltd. and
International Collection Agency, LLC,
        Defendants


### ORDER DENYING MOTION TO ENFORCE STIPULATION; GRANTING MOTION TO WITHDRAW PRIOR MOTION AND CONTINUING TRIAL

On September 10, 2018, this matter came on for a hearing on the ***Defendant's Motion to Enforce Stipulation Limiting Damages.*** The plaintiff appeared by counsel, Steven R. Broadwater, Esq., and the defendant appeared by counsel, Alex J. Zurbuch, Esq. The court had reviewed the entire file and entertained oral argument of counsel, upon which this decision is based.

### FINDINGS OF FACT

The facts are not in dispute. On June 27, 2017, plaintiffs filed their complaint in the Circuit Court of Raleigh County alleging various violations of state consumer protection and debt collection laws. Prior to filing suit, the parties entered into a stipulation dated June 23, 2017, that essentially stated plaintiffs would not seek nor accept an amount greater than Seventy Five Thousand Dollars ($75,000) so long as the case remains in a state court.

On July 12, 2018, plaintiffs served a Motion to Amend Complaint on counsel for defendants. Defendants did not oppose the motion and by order dated July 16, 2018 plaintiffs' motion to amend complaint was granted.

EXHIBIT
E

1

Thereafter, On July 31, 2018, defendants, having reviewed a draft of the amended complaint filed a Motion for Clarification of the Court's Order granting the Motion to Amend Complaint. On August 30, 2018, defendants filed a motion to withdraw the motion for clarification and in its stead filed a motion to enforce the stipulation limiting damages to Seventy Five Thousand Dollars ($75,000.00).

The parties concur that with the amendment of the complaint both sides will require additional time for discovery and that a modified scheduling order will be required.

### ISSUE TO BE DETERMINED

Does the original stipulation bind the parties when an amended complaint becomes the complaint?

### CONCLUSIONS OF LAW

The defendant does not oppose the filing of the amended complaint.  However, the defendant argues that the stipulation of the cap on damages to should remain in full force and effect and that plaintiffs should be bound by the prior stipulation.

Plaintiffs' position is that the amended complaint is the product of revelations realized as the result of the discovery process.

Rule 15 of the West Virginia Rules of Civil Procedure governs the amendments of pleadings, including complaints.  Rule 15 embodies the policy of deciding cases on the basis of their merits.  The motion to amend a complaint should be granted if the adverse party is not prejudiced and given sufficient opportunity to address the issues raised by the amended complaint. *Brooks v. Isinghood*, 213 W.Va. 675, 584 S.E.2d 531 (W.Va. 2003).  Here, defendants concede that the complaint can be amended.  The sole prejudice is the loss of the benefit of the stipulation

2

executed by plaintiffs wherein the case would remain in state court as opposed to being removed to federal court.

At oral argument two federal cases were raised by plaintiffs' counsel. In *Young v. City of Mount Rainier*, 238 F.3d 567 (4th Cir. 2001) it was noted that an amended complaint supersedes the original and renders it of no legal effect. *Fawzy v. Wauquiez Boats, Inc.*, 873 F.3d 451 (4th Cir. 2017) primarily focused on procedural issues in the federal district court. A motion to dismiss was granted. The court was unaware that plaintiff filed an amended complaint approximatetely one hour prior to its ruling. For purposes of the case at bar the 4th Circuit's notation that a dismissal of the original complaint was of no moment given that a properly filed amended complaint became the operative pleading in the case and issues raised in the amended complaint had never been ruled upon by the district court.

It is abundantly clear to this court that a properly filed amended complaint becomes the sole complaint upon which the case will proceed. As there was no opposition to the filing of an amended complaint by plaintiffs it is clear that the amended complaint is the one to which defendants will answer. The critical issue therefore becomes enforcement of the parties' stipulation.

Authority in West Virginia for setting aside stipulations is sparse. Counsel for both parties concede that there is no case law directly on point with regard to the specific issue now before the court (e.g. whether a stipulation can be enforced when a plaintiff files an amended complaint based upon information received in discovery). However, two cases have addressed the issue of the enforcement of stipulations.

*State ex rel. Crafton v. Burnside*, 207 W.Va. 74, 528 S.E. 2d 768, (W.Va. 2000) involved a stipulation of counsel on the issue of case management involving a bifurcated proceeding.

3

Case 5:18-cv-01304   Document 1-1   Filed 09/19/18   Page 33 of 48 PageID #: 39

Plaintiffs' counsel moved to set aside the stipulation and the circuit court denied the motion.   On appeal the West Virginia Supreme Court stated, "[i]t has been said that agreements of counsel made during the process of a cause of action have never been treated as binding contracts to be absolutely enforced, but as mere stipulations which may be set aside in the sound discretion of the court when such action may be taken without prejudice to either party. *Burnside* at p. 772.  On that basis, the Supreme Court reversed the circuit court.

In *West Virginia Department of Transportation v. Veach*, 239 W.Va. 1, 799 S.E.2d 78 (W.Va. 2017) the West Virginia Supreme Court discussed setting aside a stipulation as to mineral rights.  The court noted the contract law guidelines for setting aside a stipulation, i.e. fraud, accident or mistake. The alternative addressed by the Court focused on restoring both parties to the same condition as when the agreement was entered.  In this case our Supreme Court denied that the circuit court erred when it failed to set aside certain stipulations to which previous counsel for the Departement of Transporation, Division of Highways ("DOH") had previously agreed.  In reaching their decision the Court states, "[a]ccordingly, we now hold that a circuit court is afforded wide discretion in determining whether or not a party should be relieved of a stipulation, and such decision should not be set aside absent an abuse of power." *Veach* at p. 85.

With the amended complaint now becoming the operative pleading, it appears that the parties can be placed in the same position they were in prior to the stipulation being made. Defendants have demonstrated no prejudice. With no limitation on damages the defendants must determine if they wish to keep the matter in state court or remove the matter to the federal court. In addition, when the case law addressing the enforcement of stipulations is read in conjunction with the very liberal interpretation given to motions to amend complaints, the court is of the opinion that it cannot limit the manner in which the plaintiff pursues this litigation.  Nor does this

4

court think it can prevent the plaintiff from omitting a previous stipulation in an amended complaint that is based upon information received during the discovery process.

Therefore, defendants' motion to enforce the stipulation is DENIED.

As the amended complaint is now before the court and the time for defendants to respond has not yet expired it is clear that the current Scheduling Order, including a trial date cannot stand.

It is ORDERED that the above captioned matter is CONTINUED and the revised scheduling order is in effect.

It is ORDERED that defendants' motion to withdraw the Motion for Clarification is GRANTED.

Defendant's OBJECTION to the Court's findings and rulings are noted.

The Clerk of this Court shall mail attested copies of this ruling to:

*ALEX J ZURBUCH ESQ*
*500 VIRGINIA STREET EAST*
*SUITE 1100*
*CHARLESTON WV 25301*

*STEVEN R BROADWATER JR ESQ*
*P O BOX 959*
*FAYETTEVILLE WV 25840-0959*

Entered this the 11th day of September, 2018.

Andrew G. Dimlich, Chief Judge
10th Judicial Circuit

5

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 17-C-360(D)
                                                *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                    DEFENDANT

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

Plaintiff filed their complaint on June 27, 2017. Defendant thereafter filed an

Answer. Plaintiff then moved to amend their Complaint. The Court notes that leave

to amend a Complaint should be freely given. Rule 15 of the *West Virginia Rules of*

*Civil Procedure.*

It is further **ORDERED** that the Clerk of this Court mail a certified copy of

this Order to counsel of record.

**ENTERED** this the ____16____ day of ____July____, 201 8 .

_____
**JUDGE ANDREW G. DIMLICH**

**PREPARED BY:**

_____
Steven R. Broadwater, Jr. (*WV Bar #11355*)
*Counsel for Plaintiff*

The foregoing is a true copy of an order
entered in this office on the _17_ day
of _July_, 20_18_.
PAUL H. FLANAGAN, Circuit Clerk of Raleigh Co., WV
By _____ Deputy

```
EXHIBIT

   F
```

## HAMILTON, BURGESS, YOUNG & POLLARD, *pllc*

*A Professional Limited Liability Company*
*Engaged in the Practice of Law*

KEVIN B. BURGESS
RALPH C. YOUNG
STEVEN R. BROADWATER, JR.

5493 Maple Lane
P.O. Box 959
Fayetteville, WV 25840
(304) 574-2727

1607 West Main Street
Princeton, WV 24740
(304) 425-8775

PAT R. HAMILTON
*(1923-2015)*
LYNN B. POLLARD
Retired
Fax (304) 574-3709

F:\CM:23333\23333 Clerk Ltr EncCert AmendedComplaint.doc

September 7, 2018

Paul H. Flanagan, Clerk of the Court
Circuit Court of Raleigh County
Raleigh County Courthouse
222 Main Street, Suite 220
Beckley, WV 25801

Dear Mr. Flanagan:

> **Re:** **Webb v. Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd.**
> **Civil Action No. 17-C-360(D)**

Enclosed please find a **CERTIFICATE OF SERVICE** evidencing service of the following documents regarding the above-captioned civil action:

- **AMENDED COMPLAINT**

Please mark the **CERTIFICATE OF SERVICE** filed and place the same in the appropriate court record.

Thanking you for your assistance, I am

Very truly yours,

Steven R. Broadwater, Jr.

SRB:kla

Enclosure

cc:     Jared M. Tully, Esquire
        Alex J. Zurbuch, Esquire
        Michael and Carrie Webb

EXHIBIT
G

PLEASE DATE AND TIME STAMP
EXTRA COPY

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                    **PLAINTIFFS**

RALEIGH COUNTY
RECEIVED AND FILED

SEP 06 2018

PAUL H FLANAGAN
CIRCUIT CLERK

V.                                              CIVIL ACTION NO. 17-C-360(D)
                                                *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.,
d/b/a Westgate Resorts Ltd.,                    **DEFENDANT**

## AMENDED COMPLAINT

1.      The Plaintiffs, Michael Webb and Carrie Webb, and are residents of West Virginia.

2.      The Defendant, Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd., (herein "Westgate Resorts") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

3.      After the Plaintiffs became in arrears upon an alleged indebtedness to the Defendant, Westgate Resorts, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

4.      The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

5.     The Plaintiffs are persons who fall under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and are entitled to the remedies set forth in Article 5 of the WVCCPA.

6.     The Defendant, Westgate Resorts, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

7.     The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

     a.     attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

     b.     engaging in unreasonable or oppressive or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs in violation of *West Virginia Code* §46A-2-125;

     c.     causing Plaintiffs' phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* §46A-2-125(d);

    d.    utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

    e.    using unfair or unconscionable means to collect a debt from Plaintiffs in violation of *West Virginia Code* §46A-2-128.

    8.    As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**COUNT II**

**VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT***

    9.    Each of the Plaintiffs is a "person" as defined by *West Virginia Code* §61-3C-3(n) as each of the Plaintiffs is a "natural person."

    10.    The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

    11.    The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiffs after being requested by the Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* §61-3C-14a(a)(2).

    12.    The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

13.     Plaintiffs seek compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

14.     As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

15.     The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

16.     The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a.     Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    b.     Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c.    Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

17.    As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

18.    As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### COMMON LAW INVASION OF PRIVACY

19.    The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

20.    The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls.

21.    The acts of the Defendant in placing telephone calls to Plaintiffs' telephone number invaded, damaged and harmed Plaintiffs' right of privacy.

22.    As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

23.    As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was

caused indignation and distress.   In fact, Plaintiffs enjoy the "right to avoid unwelcome speech...in the privacy of [their] home." *Hill v. Colorado*, 530 U.S. 703, 717, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000).   Defendant's debt collection activities interject commercial speech directly into Plaintiffs' home against their wishes.   Defendant's right to engage in this manner of speech is in direct conflict with Plaintiffs' right to privacy in their home. Where these two rights are in the balance, it is the right to privacy that generally carries more weight.  See, *e.g., Rowan v. United States Post Office Dept*, 397 U.S. 728, 90 S. Ct. 1484, 25 L. Ed. 2d 736 (1970) (upholding a law prohibiting advertisers from sending mail to persons who have requested to be removed from mailing lists); *Nat'l Fed'n of the Blind v. FTC*, 420 F.3d 331 (4th Cir. 2005) (upholding restrictions on telemarketing calls by charitable organizations); *Mainstream Mktg. Servs. v. FTC*, 358 F.3d 1228 (10th Cir.2004) (rejecting challenge to national do-not-call registry).

### COUNT V

*VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

24.    The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

25.    Defendant is a corporation that conducts business in West Virginia and initiates telephone calls in furtherance of its business in the state.

26.   Defendant placed telephone calls to the Plaintiffs on telephones belonging to Plaintiffs.

27.   Calls placed to the Plaintiffs were placed to a telephone number that was assigned to a cellular telephone service.

28.   In placing telephone calls to Plaintiffs, Defendant used an "automatic telephone dialing system" as that term is defined at 47 U.S.C. §227(a)(1).

29.   Defendant used an automatic telephone dialing system to place calls to Plaintiffs cellular ("mobile") telephones either without express written consent, or after such consent had been revoked. In violation of 47 U.S.C. §227(b)(1)(A).

30.   Plaintiffs bring these claims pursuant to 47 U.S.C. §227(b)(3).

31.   Upon information and belief, Plaintiff believe that Defendant willfully and/or knowingly violated the TCPA in continuing to call after repeated requests to stop.

32.   As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

33.   As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiffs demand from the Defendant:

A.    Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B.    Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.    Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.    Statutory damages in the amount of $500 for each violation of the TCPA to be tripled upon a finding that Defendant willfully violated the TCPA.

E.    The Plaintiffs be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III, IV and V; and

F.    Such other relief as the Court shall deem meet and proper under the attendant circumstances.

JURY DEMAND: Plaintiffs demand a jury on all issues so triable.

F:\CM\23333\23333 Amended Complaint.docx

MICHAEL WEBB AND
CARRIE WEBB

BY COUNSEL

HAMILTON, BURGESS, YOUNG
&  POLLARD, PLLC

BY:

Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
    sbroadwater@hamiltonburgess.com
Ralph C. Young (*W. Va. Bar #4176*)
    ryoung@hamiltonburgess.com
*Counsel for Plaintiffs*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727

*Page 9 of 9*

F:\CM\23333\23333 Amended Complaint.docx

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MICHAEL WEBB and
CARRIE WEBB,                                        PLAINTIFFS

V.                                                 CIVIL ACTION NO. 17-C-360(D)
                                                   *Judge Andrew G. Dimlich*

CENTRAL FLORIDA INVESTMENTS, INC.
d/b/a Westgate Resorts Ltd.,                       DEFENDANT

## CERTIFICATE OF SERVICE

I, STEVEN R. BROADWATER, JR., counsel for the plaintiffs, do hereby certify that

a copy of the AMENDED COMPLAINT was served upon counsel of record in the above

cause by enclosing the same in an envelope addressed to said attorney at the business

address as disclosed in the pleadings of record herein as follows:

> Jared M. Tully
> Alex J. Zurbuch
> FROST BROWN TODD LLC
> United Bank Building, Suite 1100
> 500 Virginia Street East
> Charleston, WV 25301
> *Counsel for Central Florida Investments, Inc. d/b/a Westgate Resorts Ltd.*

the same being the last known address with postage fully paid and depositing said

envelope in the United States Mail on the 7th day of September, 2018.

STEVEN R. BROADWATER, JR.

F:\CM\23333\23333 Cert Amended Complaint.docx

CASE 17-C-360          RALEIGH                                        PAGE 0001

MICHAEL WEBB                    VS. CENTRAL FLORIDA INVESTMENTS, I

LINE   DATE    ACTION

 1  06/27/17  CASE FILED - ISSUED SUMMONS ALONG W/ COMPLAINT, RETN TO ATTY FOR
 2            SERV.  DP                                                    (JED)
 3  07/14/17  PLAINTIFFS' 1ST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION
 4            OF DOCUMENTS TO DEFENDANT"/(VLS)   (LS)
 5  07/19/17  RECEIVED RETURN OF SERVICE FROM SEC. OF STATE ON BEHALF OF
 6            CENTRAL FLORIDA INVESTMENTS/ 7/13/2017 (VLS)                 (JED)
 7  08/14/17  ANSWER OF CENTRAL FLORIDA INVESTMENTS, INC., D/B/A/ WESTGAGE
 8            RESORTS LTS., TO OCMPLAINT W/ CERT OF SERV.   DP   (LS)
 9  08/22/17  NOTICE OF TELEPHONIC SCHEDULING CONFERENCE-SEPTEMBER 25,2017
10            10AM/ CERT OF SERVICE  (AP)                                  (JED)
11  08/22/17  LETTER FROM STEVEN R BROADWATER TO PAUL H FLANAGAN, NOTICE OF
12            TELEPHONIC SCHEDULING CONFERENCE W/CERT OF SERV.   GLH       (JED)
13  09/27/17  SCHEDULING ORDER PRE TRIAL SET 09/10/18 AT 10:00 AM, TRAIL SET
14            10/09/18 AT 9:00 AM (BROADWATER, TULLY)(FS)                  (JED)
15  12/12/17  PLAINTIFF'S DISCLOSURE OF FACT WITNESSES/ CERT OF SERV (AP)(VLS)
16            DELETED
17  12/12/17  DEFENDANT'S FACT & EXPERT WITNESS LIST W/CERT. OF SERV./(VLS) AP
18  12/19/17  NOTICE OF DEPOSITION OF CARRIE WEBB SET 1/19/2018 W/CERT. OF
19            SERV./(VLS)                                                  (CC)
20  12/19/17  NOTICE OF DEPOSITION OF MICHAEL WEBB SET 1/19/2018 @ 10:00 A.M.
21            W/CERT. OF SERV./(VLS)                                       (CC)
22  02/02/18  AMENDED NOTICE OF DEPOSITION OF MICHAEL WEBB SET 2/9/18 @ 10:00
23            AM W/ CERT OF SERV.   DP   (LS)
24  02/02/18  AMENDED NOTICE OF DEPOSITION OF CARRIE WEBB SET 9/9/18 W/ CERT
25            OF SERV.   DP      (LS)
26  02/22/18  CERT OF SERV "DEFT'S ANSWERS & RESPONSES TO PLTF'S 1ST SET OF
27            INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS TO
28            DEFENDANT"    (AP)       (LS)
29  02/22/18  CERT OF SERV "DEFENDANT'S ANSWERS & RESPONSES TO PLAINTIFF'S 1ST
30            SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS
31            & REQUESTS FOR ADMISSION TO DEFENDANT MICHAEL WEBB"  (AP)(LS)
32  02/22/18  CERT OF SERV "DEFENDANT'S ANSWERS & RESPONSES TO PLAINTIFF'S
33            1ST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS
34            & REQUESTS FOR ADMISSION TO DEFENDANT CARRIE WEBB"  (AP) (LS)
35  03/30/18  CERT. OF SERV. "PLAINTIFFS' COMBINED RESPONSES TO DEFENDANT'S
36            1ST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF
37            DOCUMENTS AND REQUESTS FOR ADMISSIONS"/(VLS) (LS)
38  06/25/18  2ND AMENDED NOTICE OF DEPOSITION OF CARRIE WEBB W/CERT OF SERV
39            (AMY)   (LS)
40  06/25/18  2ND AMENDED NOTICE OF DEPOSITION OF MICHAEL WEBB W/CERT OF SERV
41            (AMY)    (LS)
42  06/27/18  THIRD AMENDED NOTICE OF DEPOSITION OF MICHAEL WEBB SET 7/6/18 @
43            9:30 AM W/ CERT OF SERV.  DP                      (VLS)
44  06/27/18  THIRD AMENDED NOTICE OF DEPOSITION OF CARRIE WEBB SET 7/6/18 W/
45            CERT OF SERV.  DP                                 (VLS)
46  07/12/18  4TH AMENDED NOTICE OF DEPOSITION OF MICHAEL WEBB SET 7/27/18
47            AT 10:00 A.M. W/CERT OF SERV (AMY)                (VLS)
48  07/12/18  4TH AMENDED NOTICE OF DEPOSITION OF CARRIE WEBB SET 7/27/18
49            W/CERT OF SERV (AMY)                              (VLS)
50  07/17/18  NOTICE OF HEARING SET 8/14/18 @ 1:30 PM W/ CERT OF SERV. DP (LS)



EXHIBIT
H

MICHAEL WEBB                   VS. CENTRAL FLORIDA INVESTMENTS, I


LINE   DATE     ACTION

51 07/17/18   MOTION TO AMEND COMPLAINT W/ CERT OF SERV.   DP     (LS)
52 07/17/18   ORDER GRANTING PLTF'S MOTION TO AMEND COMPLAINT. (BROADWATER,
53            TULLY) COB 262 PG 314
54 07/18/18   STIPULATION & AGREED ORDER EXTENDING TIME FOR DISCOVERY &
55            DISPOSITIVE MOTIONS & RESPONSES. (ZURBUCH,BROADWATER) COB 262
56            PG 318
57 07/23/18   CERT OF SERV/DEFTS SUPPLEMENTAL ANSWERS AND RESPONSES TO
58            PLTFS 1ST SET OF INTERROGATORIES AND REQS FOR PROD OF DOCS TO
59            DEFT. MBS        (LS)
60 07/20/18   CERTIFICATE OF SERVICE OF MAILING STIPULATION AND AGREED ORDER
61            EXTENDING TIME FOR DISCOVERY AND DISPOSITIVE MOTIONS AND
62            RESPONSES.                                    (CC FOR CNS)
63 08/01/18   DEFT'S MOTION FOR CLARIFICATION OF ORDER GRANTING PLTF'S MOTION
64            TO AMEND COMPLAINT/ EXHIBIT/ CERT OF SERV.   AP   (LS)
65 09/06/18   AMENDED COMPLAINT (AMY)
66 09/05/18   DEFTS MOTION TO ENFORCE STIPULATION LIMITING DAMAGES/CERT OF SER
67            MBS.
68 09/11/18   CERT OF SERV "AMENDED COMPLAINT"          AP            (CC)
69 09/07/18   NOTICE OF HEARING AND SCHEDULING CONFERENCE SET 9/10/18 @ 10:00
70            AM W/ CERT OF SERV. DP     (LS)
71 09/11/18   PLTF'S COMBINED RESPONSE TO DEFT'S MOTION FOR CLARIFICATION OF
72            ORDER & MOTION TO ENFORCE STIPULATION/ CERT OF SERV.   AP (VLS)
73 09/11/18   AMENDED CHEDULING ORDER PRE TRIAL SET 006/28/19 AT 1:30 PM,
74            TRIAL SET 07/22/19 AT 9:00 AM (YOUNG, ZURBUCH) (FS)    (LS)
75 09/05/18   DEFENDANTS MOTION TO ENFORCE STIPULATION LIMITING DAMAGES/CERT
76            OF SERV.       SW  (LS)
77 09/06/18   AMENDED COMPLAINT (AMY)     (LS)
78 09/12/18   FAX COVER SHEET FROM JUDGE DIMLICK TO ALEX ZURBUCH ESQ & STEVEN
79            BROADWATER ESQ DATE 9/11;/19. (LS FOR CNS)