UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL WEBB and
CARRIE WEBB,

        Plaintiffs,

v.                                               CIVIL ACTION NO. 5:18-cv-01304

CENTRAL FLORIDA INVESTMENTS,
INC., d/b/a WESTGATE RESORTS, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are the motions in limine filed by Defendant Central Florida Investments ("CFI") [Docs. 49, 50, 51, 52, 53, 54, 55]. The matters are ready for adjudication.

**I.**

**A.**    **Evidence of Calls Prior to November 11, 2016**

CFI requests that evidence of calls prior to November 11, 2016, be excluded as irrelevant and highly prejudicial because the first request to stop calling occurred on that date. [Doc. 49]. The Webbs respond that CFI's entire collection campaign was coercive, oppressive, abusive, unfair, and/or unconscionable in violation of the West Virginia Consumer Credit Protection Act ("WVCCPA"). [Doc. 60]. The Webbs note that the Court denied CFI's summary judgment motion requesting such a limitation due to unresolved disputes of material fact. [*See id.* (referencing [Doc. 28])].

The Court **DENIES** the motion inasmuch as it would prevent the Webbs from introducing relevant evidence highly probative to their claims. **[Doc. 49].**

B.     **Evidence that Verdict Will Send a Message**

CFI requests that any evidence suggesting that returning a verdict against CFI will "send a message" be excluded as irrelevant and highly prejudicial. [Doc. 50]. The Webbs respond that punitive damages are meant to send such a message. [Doc. 61].

The Court **GRANTS** the motion insofar as it seeks to block any variation of the Golden Rule argument.[1] **[Doc. 50].** The Court will entertain permitting the deterrent-type argument in the event the Webbs consent to bifurcation of the issue of punitive damages in the event such a second phase is warranted in light of any liability finding. Any disagreement respecting the scope of the ruling may be addressed at trial.

C.     **Evidence of Corporate Ownership or Affiliation**

CFI requests that evidence regarding "any alleged owners, subsidiaries, affiliates, parents, or entities of CFI outside of those named in the Complaint," as well as financial information about those entities, be excluded as irrelevant and substantially more prejudicial than probative. [Doc. 51]. The Webbs respond that a jury determining the amount of punitive damages may find the value and income of Westgate resorts relevant to that determination. [Doc. 62].

The Court **GRANTS** the motion, subject to the same bifurcation approach earlier suggested. **[Doc. 51].**

D.     **Evidence Relating to Defendant's Business Operations**

CFI requests that "evidence regarding CFI's business or lending practice beyond the nature of the fact that CFI is a vacation timeshare company" be excluded as irrelevant and highly

---

[1] The Golden Rule argument encourages a fact finder to stand in the shoes of the Plaintiffs.

2

prejudicial to a degree that outweighs any possible reasons for the introduction of such evidence. [Doc. 52]. The Webbs respond that the relationship between the parties is essential to this case. [Doc. 63].

The Court **DENIES** the motion because it would prevent the Webbs from introducing relevant evidence highly probative to their claims. **[Doc. 52].** It would be absurd to prevent the Webbs from offering testimony about CFI's business practices when those very same practices are the subject of litigation.

E.  **Evidence Not Previously Disclosed by Plaintiffs**

CFI requests that documents or information intended to be offered by Plaintiffs at trial but not previously be produced in response to any discovery requests by excluded as unduly prejudicial to CFI. [Doc. 53]. The Webbs respond that the motion would exclude all evidence not produced by the Plaintiffs in discovery, including all evidence produced by the Defendant. [Doc. 64].

The Court **DENIES** the motion inasmuch as Rule 26 of the *Federal Rules of Civil Procedure* already requires supplemental production of evidence. **[Doc. 53].** CFI may object at trial to any evidence which should have been, but was not, the subject of supplementation.

F.  **Evidence of Resources Expended in Litigation**

CFI requests that evidence regarding the amount of money or time spent by either party on this matter be excluded as irrelevant and highly prejudicial. [Doc. 54]. Plaintiffs respond that the annoyance, inconvenience, and aggravation of pursuing this claim goes to the Plaintiffs' general damages for pain and suffering. [Doc. 65].

The Court **GRANTS** the motion subject to the same bifurcation approach earlier suggested. **[Doc. 54].** The cost of litigation may sometimes justify punitive damages. *See, e.g.*, *Quicken Loans, Inc. v. Brown*, 230 W. Va. 306, 329, 737 S.E.2d 640, 663 (2012).

G.  **Evidence of Litigation Involving Defendant**

CFI requests that evidence "regarding any past or current lawsuits and/or claims against CFI and any of its alleged owners, subsidiaries, affiliates, parents, or entities" be excluded as irrelevant and highly prejudicial. [Doc. 55]. The Webbs respond that to the extent that other lawsuits show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Rule 404(b) of the *Federal Rules of Evidence* counsels the information should be provided. [Doc. 66].

The Court **DENIES** the motion without prejudice to it being raised at the appropriate time during trial. **[Doc. 55].**

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 5, 2021

Frank W. Volk
United States District Judge